**Buck GREEN, etc., Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Appellee.**

No. 76–1487.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1977.

Decided Feb. 22, 1977.

---

See also, D.C., 62 F.R.D. 434.

Walter Heiser, St. Louis, Mo., for appellant; Francis H. Kennedy, Jr., St. Louis, Mo., on the brief.

R. W. Yost, St. Louis, Mo., for appellee; Mark M. Hennelly, St. Louis, Mo., on the brief.

Before HEANEY and STEPHENSON, Circuit Judges, and STUART,* District Judge.

STUART, District Judge.

In a prior appeal in this matter, *Green v. Missouri Pacific Railroad Company*, 523 F.2d 1290 (8th Cir. 1975), this court held that:

> * * * Green and all other blacks who have been summarily denied employment by MoPac on the basis of conviction records have been discriminated against on the basis of race in violation of Title VII and that the district court should enjoin MoPac's practice of using convictions as an absolute bar to employment. (Footnote omitted.)

*Id.* at 1298–99.

The court also required the district court on remand to: (1) determine whether on the date of his application [Green's] background and experience qualified him for any position for which he applied with Mo-Pac. If the court so finds, it should award him back pay; and (2) award the plaintiff appropriate attorney's fees for proceedings in the district court and on appeal. *Id.* at 1299.

The latter two issues were settled and the question of the injunctive relief to be granted was submitted to the district court on briefs of the parties, without a hearing.

The trial court entered the following injunctive order:

> It is hereby Ordered, Adjudged and Decreed that defendants, its agents, ser-

---

* The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa, sitting by designation.

vants and employees shall be and are enjoined from disqualifying and denying employment to an applicant solely and automatically for the reason that the applicant has been convicted of a criminal offense; provided, however, that nothing herein shall prevent defendant * * * from considering an applicants' prior criminal record as a factor in making individual hiring decisions so long as defendant takes into account the nature and gravity of the offense or offenses, the time that has passed since the conviction and/or completion of sentence, and the nature of the job for which the applicant has applied.

Green and the class he represents appealed from this injunctive order claiming that appropriate injunctive relief required the district court, not only to enjoin MoPac from using conviction records as an absolute bar to employment, but to also enjoin MoPac from using conviction information as a less-than-absolute disqualifying factor in hiring unless and until such use is empirically validated in accordance with EEOC Guidelines, 29 C.F.R. § 1607. Plaintiff also argues that in order to monitor compliance with the district court's injunctive relief (in the absence of validation) MoPac should be required to provide the district court and plaintiff with certain statistical reports concerning its hiring.

■ This court did not decide these issues. However, the court indicated in its opinion that criminal convictions might properly be considered as a factor in MoPac's employment practices[1] and refused to resolve the guidelines question urged by plaintiff.[2] The opinion did not suggest that reports were necessary. No further record was made on remand. Plaintiff has not questioned MoPac's compliance with the injunctive order entered by the district court. In oral argument we were told convicted criminals have now been hired by MoPac. The district court acted within its proper discretion in not requiring reports.

■ MoPac also indicated that a hiring policy statement had been adopted. Such policy statement should be filed in the district court and a copy furnished plaintiff, if this has not already been done. The district court should enter an order to that effect, if necessary.

We hold that the injunctive order entered by the district court in this case is consistent with the decision rendered herein by this court in *Green v. Missouri Pacific Railroad Company, supra.*

The district court's action is approved and its injunctive order affirmed.

HEANEY, Circuit Judge, concurring.

I concur with the judgment of this Court because the appellant has not established that MoPac is not in good faith carrying out its new policy with respect to the hiring of black convicted criminals. Indeed, as the majority points out, MoPac demonstrated that it had hired a number of them. I would only add the obvious point that a contempt proceeding is available to the appellants if they now have or later obtain evidence indicating that MoPac is not complying in good faith with the mandate of this Court as expressed in the order of the District Court.

---

**1.** The court quotes from *Carter v. Gallagher*, 452 F.2d 315, 326 (8th Cir. 1971): "We would not consider any rule giving fair consideration to the bearing of the conviction upon the applicant's fitness for the fire fighter job to be inappropriate." 523 F.2d at 1296.

"Although the reason MoPac advances for its absolute bar can serve as relevant considerations in making individual hiring decisions, they in no way justify an absolute policy which sweeps so broadly." 523 F.2d at 1298.

**2.** "The district court rejected these guidelines as inappropriate for MoPac's employment practice here in question. The application of these guidelines to the use of conviction data in a less restrictive way is not now before us and, therefore, we need not resolve that question." 523 F.2d at 1299, n.13.